IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **RICHARD W. DAVIS, JR.,** | * | |
| | * | |
|     **Plaintiff,** | * | |
| v. | * | **Case No.: 1:19-cv-00106-WS-MU** |
| | * | |
| **THE CITY OF BAY MINETTE, and** | * | |
| **THE CITY OF BAY MINETTE POLICE** | * | |
| **DEPARTMENT,** | * | |
| | * | |
|     **Defendants.** | * | |

### PLAINTIFF RICHARD DAVIS, JR.'S FIRST AMENDED COMPLAINT

    This is a civil action brought by Plaintiff who was denied certain constitutional rights by Defendants on or about March 8, 2018.  Defendants violated Plaintiff's due process rights under the 14th Amendment of the United States Constitution and 42 USC §1983 and the Alabama Constitution.

    Plaintiff filed his original Complaint on March 6, 2019, and Plaintiff's Amended Complaint is hereby filed as of right, without leave of Court.

### JURISDICTION

    1. This action arises under the 14th Amendment to the United States Constitution and 42 USC §1983, as well as Article I, §§ 6 and 13 of the Alabama Constitution (1901) and Alabama common law. The Court has jurisdiction of this matter pursuant to 28 USC §1331, §1343 (a)(3) and §1367(a).

### VENUE

    2. Venue is proper in this court as the violations complained of herein occurred in this district.

### PARTIES

    3. Plaintiff, Richard W. Davis, Jr., is over 19 years old and is a resident of Baldwin County, Alabama.

    4. Defendant, the City of Bay Minette is a municipal corporation in Baldwin County, Alabama.

5. Defendant, the City of Bay Minette Police Department, operates in Baldwin County, Alabama.

## FACTS

6. On or about Thursday, March 8, 2018, Richard W. Davis, Jr., was employed as a "Sergeant on patrol" with the City of Bay Minette Police Department.

7. On or about Thursday, March 8, 2018, Davis was advised to come to Captain Eisler's office.

8. On or about Thursday, March 8, 2018, after going to Capt. Eisler's office, Davis was directed to Chief A1 Tolbert's office.

9. On or about Thursday, March 8, 2018, present in Chief Tolbert's office were Capt. Eisler, Chief Tolbert, and HR Director Rita Fendley.

10. On or about Thursday, March 8, 2018, Chief Tolbert stated to Davis that Davis had failed to follow certain police regulations and at the end of the Chief's conversation, the Chief informed Davis he was being demoted from Sergeant to Corporal, (i.e. the pay difference is $20.09 an hour for Sergeant and $18.03 an hour for Corporal).

## CAUSES OF ACTION
### COUNT ONE
### FEDERAL DUE PROCESS

11. Plaintiff adopts and reasserts each paragraph set out above as fully stated herein.

12. Defendants, the City of Bay Minette and the City of Bay Minette Police Department, failed to provide Davis due process, i.e. the City of Bay Minette Police Department failed to follow the City of Bay Minette's Personnel Polices for disciplinary actions regarding the above described demotion.

13. Prior to his demotion on March 8, 2018 the City of Bay Minette Police Department failed to provide Davis with a "disciplinary hearing" in the Chief's office, the policy mandated 10-day written notice of any proposed disciplinary action, meeting, or reasons therefore. Pursuant to Defendant's policy for all disciplinary actions, the police department, i.e. Chief of Police, <u>shall</u> insure that Davis is provided written notice of the disciplinary action signed by the Chief. Pursuant to Defendants' policies, that notice should have included:

    a. The reason for the disciplinary action;

    b. Polices violated or performance problems;

    c. The type of disciplinary action to be taken;

    d. The date, time, and phase of such action;

    e. Since the disciplinary action involved demotion, the Davis should have been given written notice prior to the effective date of the action and provided a due process hearing in accordance with established procedures, i.e. all disciplinary actions <u>shall</u> be recorded;

    f. Notices of demotion also require the Mayor's concurrence and signature.

14. In addition, the Mayor or his designee shall inform the regular employee in writing of the proposed disciplinary action at least ten (10) working days before the effective date of the disciplinary action.

15. Defendants failed to provide the above described due process prior to demoting Plaintiff in violation of his rights under the 14th Amendment.

## COUNT TWO
## STATE DUE PROCESS

16. Plaintiff adopts and reasserts each paragraph set out above as fully stated herein.

17. Defendants, the City of Bay Minette and the City of Bay Minette Police Department, failed to provide Davis due process, i.e. the City of Bay Minette Police Department failed to follow the City of Bay Minette's Personnel Polices for disciplinary actions regarding the above described demotion.

18. Prior to his demotion on March 8, 2018 the City of Bay Minette Police Department failed to provide Davis with a "disciplinary hearing" in the Chief's office, the policy mandated 10-day written notice of any proposed disciplinary action, meeting, or reasons therefore. Pursuant to Defendant's policy for all disciplinary actions, the police department, i.e. Chief of Police, <u>shall</u> insure that Davis is provided written notice of the disciplinary action signed by the Chief.  Pursuant to Defendants' policies, that notice should have included:

    a. The reason for the disciplinary action;

    b. Polices violated or performance problems;

    c. The type of disciplinary action to be taken;

    d. The date, time, and phase of such action;

  e. Since the disciplinary action involved demotion, the Davis should have been given written notice prior to the effective date of the action and provided a due process hearing in accordance with established procedures, i.e. all disciplinary actions <u>shall</u> be recorded;

  f. Notices of demotion also require the Mayor's concurrence and signature.

19. In addition, the Mayor or his designee shall inform the regular employee in writing of the proposed disciplinary action at least ten (10) working days before the effective date of the disciplinary action.

20. Defendants failed to provide the above described due process prior to demoting Plaintiff in violation of his rights under the Article I, §§ 6 and 13 of the Alabama Constitution.

## COUNT THREE
## BREACH OF CONTRACT

21. Plaintiff adopts and reasserts each paragraph set out above as fully stated herein.

22. The due process provisions of Defendants' manuals and written policies described above created a contract with Plaintiff.

23. Defendants breached the contract by failing to follow those provisions and policies as described above in demoting Plaintiff.

## COUNT FOUR
## WRONGFUL DEMOTION

24. Plaintiff adopts and reasserts each paragraph set out above as fully stated herein.

25. Plaintiff's demotion in violation of his due process and other rights provided for in Defendants' manuals and written policies as described above make that demotion wrongful under Alabama law.

26. Plaintiff seeks recovery of lost wages and compensatory damages for said wrongful demotion.

  WHEREFORE, Plaintiff respectfully demands judgment against Defendants for backpay from March 8, 2018 to date and reinstatement to "Sergeant on patrol "or front pay in lieu thereof; compensatory damages, including emotional distress and mental anguish; attorney's fees; expenses and court costs; and such other different relief which the Court deems appropriate.

Respectfully Submitted this ___8th___ day of March, 2019.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

| /s/ Buzz Jordan | /s/ Richard W. Fuquay |
|---|---|
| Buzz Jordan | Richard W. Fuquay |
| Attorney for Plaintiff | Attorney for Plaintiff |

**OF COUNSEL:**
**BUZZ JORDAN, P.C.**
Post Office Box 210
Mobile, Alabama 36601
T/(251) 432-5400
F/(251) 432-5445

**PLEASE SERVE DEFEDANTS AT THE FOLLOWING ADDRESS:**

*City of Bay Minette*
C/O Rita Fendley - Clerk
300 North Hoyle Avenue
Bay Minette, AL 36507

*Bay Minette Police Department*
C/O Chief AL Tolbert
301 D'Olive St.
Bay Minette, AL 36507